IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOHN E. HARGROVE,

Petitioner,

v.  Civil Action No. **3:19CV364**

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM OPINION

John E. Hargrove, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.) For the reasons set forth below, the § 2241 Petition will be dismissed without prejudice for want of jurisdiction.

### I. Procedural History

On October 3, 2018, a jury sitting in the United States District Court for the Northern District of West Virginia ("Sentencing Court") convicted Hargrove of attempted transfer of obscenity to a minor (Count One), transportation of child pornography (Count Two), and attempted enticement of a minor (Count Three). *See Hargrove v. United States*, Nos. 3:12–CV–124, 3:07–cr–58, 2013 WL 6148071, at *6–7 (W.D. Va. Nov. 22, 2013). The Sentencing Court sentenced Hargrove to 120 months on Count One, 240 months on Count Two, and life on Count Three, to be served concurrently. *See id.* at *7. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentences. *See United States v. Hargrove*, 625 F.3d 170, 172 (4th Cir. 2010). By Memorandum Opinion and Order entered on November 22, 2013, the Sentencing Court denied a 28 U.S.C. § 2255 motion filed by Hargrove. *Hargrove*, Nos. 3:12–CV–124, 3:07–cr–58, 2013 WL 6148071, at *5. In his present § 2241 Petition, Hargrove

attacks the validity of the search warrants leading to his arrest and the sufficiency of the evidence to sustain his convictions.

## II. Analysis

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless she or he demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of [her or his] detention." 28 U.S.C. § 2255(e).[1] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[2]

---

[1] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[2] Hargrove cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his own, has no source of redress." *Id.* at 333 n.3 (emphasis added).

Hargrove fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Hargrove fails to demonstrate that "subsequent to his direct appeal and his first § 2255 motion, the substantive law changed such that the conduct of which he *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of which Hargrove stands convicted—attempted transfer of obscenity to a minor, transportation of child pornography, and attempted enticement of a minor—remains criminal. Rather than demonstrate how he satisfies the test for bringing a § 2241 petition, Hargrove continues to argue that the evidence was insufficient to convict him and that he is innocent. Those arguments are not properly brought by way of § 2241 simply because he is barred from raising those claims by way of § 2255.

3

Because Hargrove fails to demonstrate that § 2255 is inadequate and ineffective to test the legality of his conviction, he may not proceed under § 2241. Accordingly, the § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: JUL 0 2 2019
Richmond, Virginia

4